**Tommie L. TOLIVER,
Plaintiff–Appellant,**

v.

**COUNTY OF SULLIVAN, Richard L. Green, Lloyd T. Shimer, Leon Siegel, Brian Ingber, Defendants–Appellees.**

No. 731, Docket 87–7861.

United States Court of Appeals, Second Circuit.

Argued Feb. 24, 1988.

Decided March 7, 1988.

Tommie L. Toliver, pro se.

Andrew J. Entwistle, New York City (Wilson Elser Moskowitz Edelman & Dicker, Vincent R. Fontana, New York City, of counsel), for defendants-appellees.

Before FEINBERG, Chief Judge, PRATT, Circuit Judge, and DORSEY, District Judge.[*]

PER CURIAM:

Tommie L. Toliver, a pro se litigant, appeals from an order of the United States District Court for the Southern District of New York, Thomas P. Griesa, J., dated August 25, 1987, dismissing his complaint brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, as untimely. Toliver filed a complaint with both the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights in 1983 charging racially discriminatory hiring practices by the County of Sullivan. The New York State Division of Human Rights determined that there was no probable cause to believe that the Sullivan Personnel Department had engaged in unlawful discrimination and on September 20, 1984 the EEOC issued a right to sue letter.

Judge Griesa reasoned that since Toliver's complaint in this action was not filed until January 10, 1985, more than 90 days from the time of the right to sue letter, the action was untimely. During the course of this appeal, it became apparent that Judge Griesa did not have before him all of the relevant facts. It appears that Toliver's complaint along with his application to proceed in forma pauperis was received by the office of the pro se clerk of the Southern District of New York on December 19, 1984, at the latest, the date the complaint was apparently stamped as received. Toliver claims that he hand delivered the complaint on December 14, 1984. It was not until January 10, 1985, however, after Toliver had been permitted by the district court to proceed in forma pauperis, that the complaint was "filed" and entered as such on the docket sheet. This delay should not work to Toliver's disadvantage. At least

where in forma pauperis relief is granted, the action should be treated as timely, provided the complaint was received by the clerk's office prior to the expiration of the limitations period. See *Rosenberg v. Martin*, 478 F.2d 520, 522 n. 1a (2d Cir.) (Friendly, Ch.J.), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *Neilsen v. Flower Hospital,* 639 F.Supp. 738, 740 (S.D.N.Y.1986) (collecting authorities).

When it became clear from Toliver's papers on appeal that the complaint had apparently been received by the office of the pro se clerk of the district court prior to the expiration of the 90-day limitations period, appellees continued to assert that the action was untimely, submitting a brief that ignored the significance of Toliver's assertions, and, incredibly, asked for attorney's fees with costs. We see no merit to appellees' argument.

The judgment of the district court is reversed and the matter is remanded to the district court.