867 F.2d 146
 13 Fed.R.Serv.3d 207
 Antonio Miranda ORTIZ, Plaintiff-Appellant,
v.
Victor CORNETTA, individually and in his official capacity
as a police officer, John Doe, individually and in
his official capacity as a police
officer, Defendants-Appellees.
 No. 322, Docket 88-2321.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 23, 1988.
Decided Feb. 6, 1989.
 
 Antonio Miranda Ortiz, Attica, N.Y., pro se.
 Elizabeth I. Freedman, Asst. Corp. Counsel for the City of New York (Peter L. Zimroth, Corp. Counsel for the City of New York, of counsel), for defendants-appellees.
 Before TIMBERS, PIERCE and PRATT, Circuit Judges.
 GEORGE C. PRATT, Circuit Judge:
 
 
 1
 Antonio Ortiz appeals pro se from a judgment of the United States District Court for the Southern District of New York, Kevin Thomas Duffy, Judge, dismissing as untimely his complaint brought pursuant to 42 U.S.C. Sec. 1983. Ortiz alleged that his constitutional rights were violated when, on June 21, 1984, while in custody at police headquarters, he was beaten and then denied adequate medical care by New York City police officers.
 
 
 2
 Pointing out that Ortiz's complaint had been stamped by the pro se clerk's office as "received" on June 26, 1987, and that it had been filed with the district court clerk on July 1, 1987, defendants moved pursuant to Fed.R.Civ.P. 12(b)(6) for dismissal of Ortiz's action on the ground that the applicable three-year statute of limitations had run on June 21, 1987, five days before the complaint was stamped "received" by the pro se office. Ortiz, who was incarcerated during this period, responded that he initially had mailed the complaint to the pro se office on June 9, 1987, but that the clerk, upon receiving the complaint on June 18, 1987--three days before the statute of limitations expired--had returned the complaint to plaintiff for "correction". After making the requested changes, Ortiz claimed that he had mailed the complaint back on June 23, 1987, and that it was the corrected copy that the clerk received on June 26, 1987.
 
 
 3
 The district court referred the matter to Magistrate Naomi Buchwald, who, after investigation, recommended that defendants' motion be granted and that the complaint be dismissed. Recognizing that the complaint would be timely if the dates provided by Ortiz were correct, see Toliver v. Sullivan, 841 F.2d 41, 42 (2d Cir.1988) (action considered timely if complaint was received by the pro se office before the expiration of the limitation period), the magistrate proceeded to "ascertain the truth of plaintiff's factual allegations" by examining files in the pro se office. Finding no evidence in those files that the complaint had arrived any earlier than June 26, 1987, she ultimately rejected Ortiz's version "as contrary to the contemporaneous documentary record".
 
 
 4
 Over Ortiz's objections, the district court adopted the magistrate's report and recommendation and dismissed the complaint. This appeal followed.DISCUSSION
 
 
 5
 Ortiz argues on appeal that dismissal of his complaint was improper. To support this contention, he submits two documents which apparently were never before the magistrate or the district court: (1) a prison mail log showing that he received correspondence from the "U.S. District Court NY, NY" on June 22, 1987, and (2) a document suggesting that prison officials confiscated some of plaintiff's legal papers which could shed additional light on when the complaint was actually received. These, Ortiz argues, coupled with his earlier explanation regarding the mailing of the complaint and its return for correction, make improper a summary dismissal of his action. We agree.
 
 
 6
 At the outset, we note the general standards--some of which have only recently emerged from both Supreme Court and second circuit decisions--which hold a pro se litigant to less stringent standards than those governing lawyers. Such has long been the case with rules governing pro se complaints, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (pro se complaint held "to less stringent standards than formal pleadings drafted by lawyers"); Williams v. Ward, 556 F.2d 1143, 1151 (2d Cir.) (pro se complaint held to "less stringent standards of pleading"), cert. dismissed, 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977), but it has only been in the past year that courts have extended this principle to form a general standard. Once a pro se litigant has done everything possible to bring his action, he should not be penalized by strict rules which might otherwise apply if he were represented by counsel. See Houston v. Lack, --- U.S. ----, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (incarcerated pro se petitioner's notice of appeal considered "filed" at moment of delivery to prison authorities because at that point, petitioner has done all within his power to abide by filing requirements); Toliver v. Sullivan County, 841 F.2d 41 (2d Cir.1988) (if in forma pauperis relief is subsequently granted, pro se complaint deemed "filed" when received by pro se office).
 
 
 7
 We commend the magistrate for recognizing these principles in determining that, because there were conflicting versions as to when the pro se office received the complaint, a summary dismissal without further investigation was inappropriate. Hishon v. Kino & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (a complaint should be summarily dismissed under rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); see Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). This left her with two choices: either (1) she could recommend that the motion be denied because some doubt still existed as to when the complaint actually arrived in the pro se office, see Abdul-Alim Amin v. Universal Life Insurance Co., 706 F.2d 638, 640 (5th Cir.1983) ("[w]hile a statute-of-limitations defense may be raised in a motion to dismiss under Fed.R.Civ.P. 12(b)(6), such a motion should not be granted unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' ") (emphasis added) (citation omitted); Egelston v. State University College, 535 F.2d 752, 754 (2d Cir.1976) (summary dismissal should not be granted unless it is "beyond doubt" that plaintiff can prove no set of facts which entitle him to relief), or (2) as she presumably did in this case, she could consider "matters outside the pleadings", thereby treating the motion "as one for summary judgment * * * as provided in Rule 56". Fed.R.Civ.P. 12(b) (1988).
 
 
 8
 We find no error in seeking more information about the filing of the complaint, but in doing so, the magistrate was not permitted just to examine the pro se files and make from them her own determination as to when the complaint was first received; at the least, fairness required that she give Ortiz "reasonable opportunity to present all material" pertinent to the statute of limitations issue. Fed.R.Civ.P. 12(b) (1988). Yet, there is no indication from the record on appeal that Ortiz was ever given this chance.
 
 
 9
 Affording Ortiz the opportunity to present evidence supporting his version is important for two reasons. First, although it is true that the pro se files show no indication that the complaint arrived prior to June 26, 1987, that fact is not alone dispositive, for it was also apparently true, at least at the time this complaint was received, that the pro se office routinely sent back complaints for correction without keeping any record as to when or why those complaints were returned. Second, there can be no doubt in light of the exhibits which he has submitted to this court that Ortiz had documentary evidence supporting his version of the facts. Indeed, that evidence could be conclusive if, coupled with the prison mail log which shows that he received something from the district court on June 22, 1987, Ortiz can regain from prison officials and then produce the transmittal letter allegedly sent by the pro se office on June 18, 1987, informing him of the necessary corrections to his complaint.
 
 
 10
 Consequently, in light of the assertions made by plaintiff and other evidence which he may be able to produce, given proper notice that the issue is to be determined, we hold that summary dismissal of the complaint was improper at this time. Drawing all inferences in favor of the plaintiff and accepting all his allegations as true, as we must, see Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); Bankers Trust Co. v. Rhoades, 859 F.2d 1096, 1098 (2d Cir.1988), there was some doubt as to whether the complaint was actually first received by the pro se office on June 26, 1987, or whether it first arrived sometime prior to June 21, 1987--the date that the statute of limitations expired on Ortiz's claim. This doubt is all that is necessary to withstand a motion to dismiss under rule 12(b)(6). See Compagnie Des Bauxites De Guinee v. L'Union, 723 F.2d 357, 363-64 (3d Cir.1983) (disputed issues of fact concerning statute of limitations precluded dismissal under rule 12(b)(6)); Egelston v. State University College, 535 F.2d 752, 754 (2d Cir.1976) (rule 12(b)(6) dismissal improper unless it "appears beyond doubt" that plaintiff's claim is barred by statute of limitations). Dismissal pursuant to either rule 12(b) or rule 56 was also inappropriate because the record contains no indication that plaintiff ever received the opportunity to present additional evidence outside of the pleadings, bearing on the circumstances surrounding his attempts to file the complaint.
 
 
 11
 Finally, we note our concern with the procedures which may have given rise to this dispute. We are troubled with any system used by the pro se office which might produce the anomalous result of assisting plaintiff to "correct" his complaint, while at the same time possibly extinguishing plaintiff's action under the applicable statute of limitations. We are told unofficially that the problem presented by this case could not occur today because the pro se office now keeps records indicating the date when the complaint is first received and, if necessary, the date when it is returned to the plaintiff for correction. If this is true, we are encouraged. But we remind all district court pro se offices that effective measures must be continually taken to ensure that the procedures used in keeping records accurately reflect when a complaint is first received, so that the system specifically designed to assist pro se litigants does not work to their direct disadvantage. Cf. Toliver v. Sullivan, 841 F.2d 41, 42 (2d Cir.1988) (delay between time when complaint was received by pro se office and time when it was filed with the clerk should not have worked to pro se litigant's disadvantage in determining if statute of limitations had run).
 
 
 12
 We reverse the judgment of the district court and remand for further proceedings on the statute of limitations issue.