Kathy Marks, U.S. Attys. Office, S.D.N.Y., New York City, for defendant.

**Edward J. WOJIK, Plaintiff,**

v.

**POSTMASTER GENERAL, Defendant.**

No. 92 Civ. 2452 (VLB).

United States District Court, S.D. New York.

Jan. 19, 1993.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This case involves a claim of employment discrimination by the Postal Service in violation of Vietnam Era and handicapped protection legislation, 29 U.S.C. 791 and 38 U.S.C. 4214. On October 21, 1992, the defendant moved to dismiss on the ground that plaintiff had failed to pursue required administrative remedies within 30 days as required by 29 CFR § 16.13.214(a)(1)(i), made applicable by 29 CFR § 1613.708 and 29 U.S.C. §§ 791, 794a(a)(1). For the reasons set forth below, I grant the motion.

### II

The alleged violation occurred on August 9, 1990; the Equal Employment Opportunity Commission was contacted some sixteen months later on December 12, 1991. As of April 6, 1992 plaintiff had obtained other employment.

Time limits such as that involved here are not jurisdictional, but instead are treated as are statutes of limitation. *Zipes v. TWA*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Where administrative time limits

and similar procedural requirements are unclear or not readily available, relief from their strict application may be considered under *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). As stated in *Malkan FM Associates v. FCC*, 935 F.2d 1313, 1318–19 (D.C.Cir.1991), quoting *Salzer v. FCC*, 778 F.2d 869, 871–71 (D.C.Cir.1985), " ... fundamental fairness requires that an exacting ... standard, enforced by the severe sanction of dismissal without consideration on the merits, be accompanied by *full* and *explicit* notice of all prerequisites for such consideration." (emphasis in original).

Similarly, where governmental behavior may have caused delay or led a private party to postpone action later claimed to be untimely, relief may be considered under the circumstances defined in *Irwin v. Veterans Administration*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); see generally *Rys v. United States Postal Service*, 886 F.2d 443, 445 (1st Cir.1989).

Likewise, where a party does all it can to comply with a time limit, its efforts may be deemed sufficient as indicated by *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Ortiz v. Cornetta*, 867 F.2d 146 (2d Cir.1989).

█ At the same time, time limits such as that invoked here reflect the reality that one with a meritorious complaint concerning violation of a well-known right will ordinarily act promptly, and that failure to do so risks loss of fresh recollection and other information about the events in question, especially in a rapidly-moving employment situation.

Plaintiff has provided no explanation for a delay approximately sixteen (16) times the length of the applicable time limit. Nor has there been any attempt to show that information about the applicable deadline, albeit contained in a sub-subsection of the multivolume Code of Federal Regulations, was not widely known and readily available by consulting any equal opportunity counsellor or any one of numerous advocacy agencies.

In my order of September 25, 1992, I allowed plaintiff 30 days to respond to defendant's motion to dismiss, filed in October 1992, but as of this date he has made no response at all.

The clerk is directed to close this case.

SO ORDERED.