## James E. BENNETT, Plaintiff,

v.

## CONSOLIDATED RAILROAD CORPORATION, Defendant.

### No. 93 Civ 0935 (VLB).

United States District Court, S.D. New York.

Nov. 7, 1994.

Ira M. Maurer, Elkind, Flynn & Maurer, New York City, for plaintiff.

Alan Muraidekh, Walker & Bailey, New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

In this personal injury suit, plaintiff has moved under Fed.R.Civ.P. 19 and 20 for permission to add as an additional defendant the manufacturer of an allegedly defective part involved in the accident. Defendant opposes the application, principally on the grounds that the ultimate disposition of the additional claim might be unfair or involve complex, time-consuming litigation, and on the further ground that the time for adding parties as set forth in the case management plan had expired. Plaintiff's motion to add an additional party is granted.

### II

Plaintiff has provided an adequate excuse for not seeking to add the manufacturer as a defendant at an earlier stage, by affidavit based upon personal knowledge denying prior information concerning the party to be added. There is no indication that plaintiff deferred the application in order to obtain any tactical advantage or because of inattentiveness.[1] It would constitute manifest injustice to deprive a party of a major claim on the merits because of delay beyond the control of the party. See *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Ortiz v. Cornetta,* 867 F.2d 146 (2d Cir.1989); *Malkan Associates v. FCC,* 935 F.2d 1313, 1318–19 (D.C.Cir.1991); *Wojik v.*

---

**1.** See *Dollar Dry Dock v. Denning,* 148 F.R.D. 124 (S.D.N.Y.1993). The plaintiff here is automatically penalized by the delay itself: postponements in trial readiness of a personal injury claim are necessarily harmful to the plaintiff, who must wait to obtain a judgment or settlement as a result of anything that delays the case.

*Postmaster General,* 814 F.Supp. 8 (S.D.N.Y. 1993).

Defendant's objection that the inclusion of the manufacturer could lead to unjust results is misplaced. The objection amounts to a challenge to the fairness of the substantive law involved as interpreted by defendant, which is better considered on its merits and not as a barrier to permitting the additional party to be sued.

Defendant's prediction that difficult procedural complexities would be generated by adding the manufacturer as a party underestimates the ability of the court to tailor procedures to achieve the "just, speedy and inexpensive" determination of every action as called for by Fed.R.Civ.P. 1.[2] Such an eventuality would be more prejudicial to plaintiff than to defendant, which need not pay anything until a judgment or settlement results from the lawsuit.

SO ORDERED.

---

**2.** Rule 1 as amended in 1993 instructs courts that all procedural rules should be "administered" as well as "construed" to achieve the goals of that Rule. See also Judicial Improvements Act of 1990, Public Law 101–650, 104 Stat. 5089, enacting 28 U.S.C. 473.