**Pearl SEALY, Plaintiff,**

**v.**

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. 94 Civ. 3344 (VLB).**

United States District Court,
S.D. New York.

Nov. 10, 1994.

Pearl Sealy, pro se.

Sapna V. Raj, Asst. U.S. Atty., New York City, for defendant.

**MEMORANDUM ORDER**

VINCENT L. BRODERICK, District Judge.

I

In this Social Security case brought under 42 U.S.C. 405(g) to review a decision of the Secretary of Health and Human Services denying disability benefits, the Secretary has moved to dismiss the complaint. The motion is denied.

■ The Secretary's motion is based on alleged lack of subject matter jurisdiction on the ground that no final decision subject to judicial review exists, because plaintiff's request for agency appellate review was untimely. After receiving an adverse decision from an Administrative Law Judge on July 21, 1993, plaintiff requested Appeals Council review on November 3, 1993, notwithstanding a 60 day time limit on such appeals set forth in 20 CFR 422.210.

II

■ Administratively imposed time limits, while entitled to reasonable deference to achieve their objectives of avoiding lengthy delays prejudicial to agency functions, are subject to application in light of other legal principles such as inquiry into whether or not prejudice was caused, exemplified by but not limited to the harmless error rule set forth in Fed.R.Civ.P. 61. See *Amberg v. FDIC*, 934 F.2d 681 (5th Cir.1991). Where a legally unsophisticated citizen may not have understood the nature or importance of a deadline, a delay not long enough to cause prejudice may be excused. *Bayer v. United States Dept. of the Treasury*, 956 F.2d 330 (D.C.Cir. 1992); *Wojik v. Postmaster General*, 814 F.Supp. 8 (S.D.N.Y.1993). The importance of these principles to the administration of

justice was recently reaffirmed in the Advisory Committee Notes to the 1993 amendments to Fed.R.App.P. 4(a)(4), describing the amendments as designed to avoid traps for the unwary created by former provisions relating to timeliness of appeals.

The plaintiff should be afforded the opportunity to argue the merits, thereby enabling the court to determine whether the claim has sufficient merit to make strict application of the time limit unfair. *Matthews v. Eldridge,* 424 U.S. 319, 328–32, 96 S.Ct. 893, 899–901, 47 L.Ed.2d 18 (1976).

SO ORDERED.