Edgar GIL, Plaintiff,

v.

Dr. George VOGILANO, Nurse Louri Nurse Sharon, Dr. John Davirro, Westchester County, and EMSA Limited Partnership, In Private and Official Capacities, Defendants.

No. 99 CIV 3210 SHS.

United States District Court, S.D. New York.

Feb. 7, 2001.

Edgar Gil, Stormville, NY, pro se.

*Opinion*

STEIN, District Judge.

Pro se plaintiff Edgar Gil, an inmate at Green Haven Correctional Facility, brought this action for damages suffered allegedly due to improper medical treatment during his detention at the Westchester County Jail. Defendant Westchester County now moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted and Fed R. Civ. P. 12(b)(2) for lack of personal jurisdiction. The Court has construed the pro se litigant's papers to raise the strongest arguments they suggest and, for the reasons set forth below, grants the County's motion with respect to Gil's claim for punitive damages against the County and denies it in all other respects.

**BACKGROUND**

A. *Facts*

The following facts are taken from the "Prisoner's 1983 Action Amended Complaint" ("Compl.") in this action dated August 8, 2000, and are presumed true for the purposes of this motion:

In August 1995, while incarcerated at the Westchester County Jail pending a trial on unspecified criminal charges, Gil fell in the shower area, injuring his left hand, lower back, and right heel. Compl. at 2. He requested medical attention and was referred to defendant Dr. George Vogliano [1] the next day. *Id.* Dr. Vogliano treated the open wound to Gil's hand, but did not treat any injuries to Gil's back and heel because those areas showed no visible signs of trauma. *Id.*

Four months later—in December 1995—Gil once again fell in the shower area. *Id.* He immediately sought medical attention, but was informed that he would have to wait. *Id.* Gil continued to request to see a doctor on a daily basis from December 29, 1995 (the day after he fell), to January 10, 1996. *Id.* at 2–3. On January 9, 1996, Gil

---

1. Dr. Vogliano's name is misspelled in the caption as "Vogilano."

was in such extreme pain that correctional staff ordered that he be attended to by medical personnel. *Id.* at 3. The next day, Gil was examined by defendant Dr. John Davirro, who prescribed antibiotics for a severe infection to Gil's right heel. *Id.*

Within a week, Gil's condition worsened, and his heel became extremely swollen and painful. *Id.* Gil was sent to the jail's clinic, where he was examined by defendant Nurse Sharon, who refused to administer any medication or treatment or arrange for Gil to see a doctor, and instead ordered that he be returned to his cell. *Id.*

Gil then enlisted the aid of his attorney in the then pending criminal action against him, who contacted facility officials. *Id.* Those officials assured the attorney that Gil would receive the necessary medical treatment. *Id.* Despite those assurances, Gil did not receive medical treatment. *Id.*

Gil's medical condition was then brought to the attention of the judge presiding over the criminal action. *Id.* That jurist allegedly directed jail officials on three separate occasions to give Gil medical treatment. *Id.* Ultimately, on January 24, 1996, Gil was examined by Dr. Vogliano, who told Gil that he was healing normally. *Id.* at 3–4.

A few days later, Gil once again complained about his medical condition during a court appearance in the criminal action. *Id.* at 4. The judge ordered that an x-ray be taken of Gil's foot. *Id.* Although an x-ray was taken the next day, Gil was allegedly never told the results. *Id.*

Gil continued to request medical treatment, and he was taken to the jail's clinic on February 5, 1996. *Id.* At the clinic, however, defendant Nurse Louri directed that Gil be taken back to his cell without being examined or treated. *Id.* Gil continually renewed his request to see a doctor until March 20, 1996, when he was transferred to the custody of the New York State Department of Correctional Services. *Id.* He was then diagnosed with osteomylitis—a condition of bone deterioration due to infection—of his right heel. *Id.* Gil was surgically treated to prevent further damage to the heel of his right foot. *Id.* However, despite the surgery, Gil asserts that he now walks with a pronounced limp. *Id.*

### B.  *Procedural History*

On November 24, 1997, Gil filed a complaint in the United States District Court for the Southern District of New York naming Dr. Vogliano, Nurse Louri, Nurse Sharon, and Dr. Davirro as defendants. Gil also sought to proceed *in forma pauperis* but did not include an authorization for the Clerk of Court to collect the full filing fee from his prison account, as required by 28 U.S.C. § 1915(a)(2),(b). The Pro Se Office of the Southern District mailed Gil a Prisoner Authorization Form, notifying him of the required authorization and instructing him to submit a completed form within 45 days or face dismissal of his action.

Gil did not respond, and on May 1, 1998, Chief Judge Grisea dismissed the action without prejudice. *See* Order of Dismissal, No. 98 Civ. 3093, slip op. (S.D.N.Y. May 1, 1998).

Approximately ten months after that dismissal—on February 25, 1999—the Pro Se Office received another copy of the original complaint, accompanied by the authorization forms required by 28 U.S.C. § 1915. The complaint was docketed as 99 Civ. 3210 and the Marshals Service was directed to serve process.

The Marshals Service was unable to locate the individual defendants at the Westchester County Jail, the address designated by Gil for service, and, therefore, filed returns of service unexecuted as to those defendants. On December 29, 1999, Magistrate Judge Henry B. Pitman ordered Gil to complete service of the summons and complaint within 60 days or face dismissal pursuant to Fed.R.Civ.P. 4(m). In response to that Order, Gil moved for leave to file an amended complaint naming for

the first time Westchester County as a defendant. Magistrate Judge Pitman granted that motion, and gave Gil until August 8, 2000, to serve and file an amended complaint. *See* Order dated May 10, 2000.

On August 8, 2000, Gil served the "Prisoner's 1983 Action Amended Complaint" via first-class mail on newly-added defendants Westchester County and EMSA Limited Partnership, a provider of health care services at the Westchester County Jail. The County and EMSA subsequently answered the amended complaint, and the County filed this motion to dismiss the complaint. Gil failed to respond to the motion, after having requested—and having been granted—an extension of his time to do so. This Court then ordered him to show cause on or before December 18, 2000, why this action should not be dismissed for failure to prosecute. Gil subsequently submitted an opposition to the County's motion to dismiss the complaint. Accordingly, the Court now turns to the merits of the motion.

**DISCUSSION**

■■■ Courts must make reasonable allowances in order that pro se plaintiffs do not forfeit their rights by virtue of a lack of legal training. *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983). Accordingly, because Gil is proceeding pro se, his submissions should be judged by a more lenient standard than that accorded to "formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). All of his supporting papers must be interpreted "to raise the strongest arguments they suggest." *Hanlin v. Mitchelson,* 794 F.2d 834, 838–39 (2d Cir.1986). However, the leniency accorded pro se litigants "is not without limits, and all normal rules of pleading are not absolutely suspended."

*Stinson v. Sheriff's Dep't,* 499 F.Supp. 259, 262 (S.D.N.Y.1980).

With these principles in mind, the Court construes the amended complaint to assert three claims: (1) a claim pursuant to 42 U.S.C. § 1983 for inadequate provision of medical care in violation of the Eighth and Fourteenth Amendments; (2) a claim for medical malpractice pursuant to New York State law; and (3) a New York state law tort claim for negligent maintenance of the shower area of the Westchester County Jail. The County seeks dismissal of these claims on the grounds of failure to state a claim upon which relief can be granted and lack of personal jurisdiction.[2] Each will be addressed in turn.

A. *Failure to State a Claim*

■■■ When deciding a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all of the well-pleaded facts as true and draw all reasonable inferences from those allegations in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *EEOC v. Staten Island Sav. Bank,* 207 F.3d 144, 148 (2d Cir.2000). A court should not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se." *Chance,* 143 F.3d at 701. The complaint in this action falls within both of these categories.

The County presses two arguments for dismissal pursuant to Rule 12(b)(6). First, it contends that the complaint fails to state

---

**2.** Although the County's notice of motion states that dismissal is also being sought due to lack of subject matter jurisdiction, the County did not assert that basis in its supporting memorandum. In any event, subject matter jurisdiction is present due to the existence of a federal question. *See* 28 U.S.C. §§ 1331, 1367.

a claim against it because it fails to allege "an officially sanctioned municipal custom or policy." Second, the County maintains that virtually all of Gil's claims are time-barred. The County also claims that, at a minimum, Gil's claim for punitive damages against it must be dismissed.

### 1. *Failure to allege a municipal custom or policy*

To demonstrate an unconstitutional denial of medical care, a plaintiff must show that the defendants were deliberately indifferent to a serious medical injury. *Estelle v. Gamble,* 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A plaintiff seeking to prove a claim of deliberate indifference to serious medical needs must meet a two-pronged test comprised of both an objective and a subjective component. *See Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component requires that the plaintiff establish that his medical need was serious. *See Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998). The subjective component requires that the plaintiff establish that the defendants acted with a sufficiently culpable state of mind. *Id.*

A prisoner's medical need is "serious" where the condition for which he seeks treatment may produce death, degeneration, or extreme pain. *Covington v. Westchester County Jail,* No. 96 Civ. 7551, 1997 WL 580697, at *2 (S.D.N.Y. Sept.18, 1997); *see also Chance,* 143 F.3d at 702–03. The complaint alleges both degeneration and extreme pain, and the County does not dispute that Gil has sufficiently pled a serious medical need.

An individual defendant acts with a sufficiently culpable state of mind where he knows of and disregards a prisoner's serious medical needs or he consciously disregards a substantial risk of serious harm. *Chance,* 143 F.3d at 703. "Even one isolated failure to treat, without more ... may in fact rise to the level of a

constitutional violation if the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment." *Brown v. Coughlin,* 758 F.Supp. 876, 882 (S.D.N.Y.1991).

To establish liability on the part of the County, however, Gil must demonstrate that his injury resulted from a municipal "custom" or "policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A "policy" for the purposes of municipal liability need not be explicit; it may arise from "a failure to adequately train, supervise, evaluate, or discipline subordinates," *Scott v. Abate,* No. CV–93–4589, 1995 WL 591306, at *9 (E.D.N.Y. Sept.27, 1995).

The County correctly points out that Gil has not explicitly alleged the existence of a custom or policy that resulted in his injuries. The County also contends, citing *Thurman v. City of Torrington,* 595 F.Supp. 1521 (D.Conn.1984), that no such policy can be inferred from the facts alleged in the amended complaint because Gil has not alleged deliberate indifference to anyone's medical needs other than his own. In *Thurman,* however, the court, while noting the general rule that "a plaintiff must typically point to facts outside his own case" to support an allegation of a municipal policy, found that allegations of a series of acts and omissions by several police officers over a period of months established "a pattern ... evidenc[ing] deliberate indifference" to the plaintiff's constitutional rights, and held that an ongoing pattern of deliberate indifference "raises an inference of 'custom' or 'policy' on the part of the municipality." 595 F.Supp. at 1530.

Gil has alleged a series of acts and omissions by several state actors over a period of seven months by which he was denied access to doctors and treatment despite his repeated requests and assertedly obvious pain. The denial of treatment allegedly persisted even in the face of orders from

the judge presiding over Gil's criminal case. It was only when Gil was transferred to the custody of the State of New York that his condition was properly diagnosed and treated, but by then his heel had been permanently damaged. These allegations "clearly set out a pattern from which one might infer at least deliberate unconcern for [Gil's] apparent suffering." *Brown v. Coughlin*, 758 F.Supp. 876, 883 (S.D.N.Y.1991). At the pleading stage, therefore, these allegations are sufficient to support an inference of municipal "custom" or "policy." *See id.; Thurman*, 595 F.Supp. at 1530.

The County seeks also dismissal of the complaint on the grounds that any "custom" or "policy" involving medical care at the Westchester County Jail cannot be attributed to it because it contracted with EMSA to provide for inmates' medical needs. However, a municipality's duty to provide medical care to inmates is nondelegable and is not absolved by contracting with a third party to provide care. *Covington v. Westchester County Jail*, No. 96 Civ. 7551, 1998 WL 26190, at *3 (S.D.N.Y. Jan.26, 1998) (citing *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 705 (11th Cir.1985)).

In sum, the allegations of the amended complaint support an inference that a "custom" or "policy" of Westchester County caused Gil's injuries. Accordingly, the County's motion to dismiss the complaint for failure to allege a County "custom" or "policy" is denied.

### 2. The Timeliness of Gil's Action

Section 1983 claims based on injuries incurred in New York are governed by New York's statute of limitations for general personal injury actions, which provides that such actions must be commenced within three years. *Owens v. Okure*, 488 U.S. 235, 237–39, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *see also* N.Y. C.P.L.R. § 214(5). Medical malpractice claims in New York must be brought within two years and six months of the act,

omission, or failure complained of or, in the case of continuous treatment, within two years and six months of the last treatment. N.Y. C.P.L.R. § 214–a.

"A pro se action is deemed commenced when it is received by the court as opposed to when it is formally filed." *Espinal v. Coughlin*, 98 Civ. 2579, 1999 WL 387435, at *3 (citing *Toliver v. County of Sullivan*, 841 F.2d 41, 42 (2d Cir.1988)). Accordingly, the County claims that for purposes of the statute of limitations, this action was commenced on February 25, 1999, when the Pro Se Office received the complaint that was assigned this docket number—99 Civ. 3210. Therefore, contends the County, all of Gil's claims are time barred—since they all accrued more than three years prior to February 25, 1999—with the exception of any Eighth Amendment claim asserted pursuant to 42 U.S.C. § 1983 that accrued after February 25, 1996.

In his response, Gil emphasizes the November 19, 1997, date of his original complaint docketed as 98 Civ. 3093, states that he does not know why it was dismissed, and notes that he filed the same complaint in February 1999, which was then docketed as this action. Affirmation With Memorandum in Response to Defendant's Motion to Dismiss Amended Complaint ¶¶ 3–4. Gil also points out that his two shower accidents took place less than two years and six months before he filed the complaint in 1997. *Id.* ¶ 5. Construing Gil's papers to raise the strongest arguments they suggest, *see Hanlin v. Mitchelson*, 794 F.2d 834, 838–39 (2d Cir.1986), the Court interprets Gil's submission as: (1) a request for relief from the judgment in 98 Civ. 3093 pursuant to Fed.R.Civ.P. 60(b)(6) in order to permit Gil to have the benefit of the November 24, 1997, filing date in that action; and (2) an argument that the statutes of limitations were equitably tolled during the pendency of 98 Civ. 3093.

Rule 60(b)(6) of the Federal Rules of Civil Procedure permits a court to

relieve a party from a final judgment for any reason—other than those enumerated in subsections 1 through 5 of the rule—"justifying relief from the operation of the judgment." The rule "confers broad discretion on the trial court to grant relief when 'appropriate to accomplish justice.'" *Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir.1986) (quoting *Int'l Controls Corp. v. Vesco,* 556 F.2d 665, 668 n. 2 (2d Cir. 1977)); *see also* 7 Moore's Federal Practice, ¶ 60.27[2] at 60–295.

▆▆▆▆ Although relief pursuant to Rule 60(b)(6) is generally granted only upon a showing of exceptional circumstances or undue hardship, "a pro se litigant . . . 'should not be impaired by the harsh application of technical rules.'" *Major v. Coughlin,* No. 94 Civ. 7572, 1997 WL 391121, at *2 (S.D.N.Y. July 11, 1997) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983)). Pro se litigants are not, however, excused from the requirement that they produce "highly convincing" evidence to support a Rule 60(b) motion. *Id.*

▆▆▆▆ The combination of factors present here warrant relief pursuant to Rule 60(b)(6). First, Gil neither speaks nor writes English. (Compl. at 2) Second, the County has made no argument that litigating this case now would unfairly prejudice it in any way. Moreover, Gil's claims are similar to ones found meritorious in other cases, *see, e.g., Brown v. Coughlin,* 758 F.Supp. 876 (S.D.N.Y.1991), and the May 1998 dismissal for failure to provide the Prisoner Authorization Form—which Gil remedied in February 1999—may effectively bar Gil from any recovery on his claims. Considering all of these factors and "the preference for resolving claims on their merits," the judgment in 98 Civ. 3093 should be vacated. *Major,* 1997 WL at 391121, at *3–*4.

Because the Court grants Gil's request for relief from the judgment in 98 Civ. 3093, that portion of the County's motion to dismiss the complaint that relies on the February 25, 1999, commencement date of this action will be denied as moot. Action 98 Civ. 3093 shall be reopened, reassigned to this Court, and consolidated with this action for all purposes. Accordingly, the Court need not decide whether Gil would be entitled to equitable tolling for the purposes of pursuing his action in this case without the benefit of the filing date in 98 Civ. 3093.

### 3. *Punitive damages against a municipality*

▆▆▆▆ To the extent Gil has asserted a claim for punitive damages against the County, it is dismissed with prejudice. Punitive damages are not available in a section 1983 action against a municipality except in an "extreme situation where the taxpayers are directly responsible for perpetrating an outrageous abuse of constitutional rights." *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 267 n. 29, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Ciraolo v. City of New York,* 216 F.3d 236, 240 (2d Cir.2000). This is not such a case.

### B. *Personal Jurisdiction*

▆▆▆▆ Gil served the amended complaint on the County by mailing a copy to the offices of the Westchester County Attorney. This service fails to comply with the requirements of Fed.R.Civ.P. 4(j) for service upon a municipality. Gil contends that he requested service of process by the United States marshal pursuant to Fed.R.Civ.P. 4(c) in his motion for leave to file an amended complaint, and that he relied in good faith upon the Marshals Service to effectuate service.

▆▆▆▆ The amended complaint, however, was never received by the Clerk of Court and summonses naming the County and EMSA were therefore never issued. Thus, Gil's reliance on the Marshals Service was misplaced.

Gil also contends, however, that he has made good faith efforts to serve all of the defendants in this action and that the County has not been prejudiced by any

ineffective service. He requests an order requiring the Clerk of Court to issue a summons and directing the Marshals Service to effectuate service, which the Court construes as a request to extend the time limit for service of process pursuant to Fed.R.Civ.P. 4(m).

Because Gil has made good faith efforts to effectuate service, he will be afforded the opportunity to properly serve the amended complaint. In addition, this action will be referred to the Pro Bono Panel for appointment of counsel in accordance with its procedures. Gil shall have 150 days from the date of this opinion or 90 days from the date of the appearance of counsel, whichever is less, to effectuate service.

**CONCLUSION**

For the reasons set forth above, Westchester County's motion to dismiss this action is granted with prejudice as to any claim for punitive damages against it and denied in all other respects. Gil is granted relief from the final judgment in 98 Civ. 3093; that action shall be reopened, reassigned to this Court, and consolidated with this action for all purposes. Appropriate orders will issue concurrently with this opinion.