**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-40675

_____

TERESA VILLARREAL,

Plaintiff-Appellant,

versus

ROBERT "HOWDY" SMITH, ET AL,                                    Defendants,

ROBERT "HOWDY" SMITH D/B/A
HOWDY SMITH REINING HORSES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas, Texarkana Division

_____

Before GARZA, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Teresa Villarreal ("Villarreal") appears pro se and appeals from the district court's order

dismissing her cause of action without prejudice. For the following reasons, we affirm the judgment

of the district court.

_____

    [*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

## I. FACTUAL AND PROCEDURAL HISTORY

The initial appeal before this court involved claims brought by Villarreal against Robert Howdy Smith ("Smith") and Bill Brenner ("Brenner"). After this appeal was filed, Villarreal and Brenner settled their claims; thus, the claims against Brenner are no longer before this court. The case currently before the court only involves claims between Villarreal and Smith.

Villarreal contends that she and Smith entered into an agreement for him to render services as a professional horse trainer. Villarreal's stated goal was to promote her horse, Smart Money Playboy, as a champion and as a prestigious stallion. Villarreal agreed to compensate Smith $500 per month for his services. After approximately nine to ten months of training, Villarreal allegedly showed three other professional horse trainers a videotape of Smith riding Smart Money Playboy. The trainers stated that Smart Money Playboy displayed the level of technique normally observed in a horse with no more than three months of professional training. Villarreal contends that she paid Smith on a regular basis for thirteen months in accordance with the contractual terms. Villarreal argues that Smith did not fulfill his obligation to render professional training services per the agreement.

On May 27, 2004, Villarreal filed suit against Smith in federal court. On November 16, 2004, Smith filed a motion to dismiss Villarreal's claims, asserting that Villarreal is barred from pursuing the claims based on the doctrine of res judicata. Smith alleges that this matter has already been litigated and decided in the Miller County Circuit Court of Arkansas (Case No. CV03-251). Smith further contends that the amount in controversy does not meet the threshold requirement for federal diversity jurisdiction. 28 U.S.C. § 1332.

On February 3, 2005, Villarreal filed a motion for a writ of replevin in the district court, asserting that Smith unlawfully retains two mares that are registered to her. According to Villarreal, Smith asserts the right to retain possession of the mares as security for a payment she owes him for their care and maintenance. On February 23, 2005, Smith filed his second motion to dismiss. He again argued that Villarreal is estopped from further pursuing this cause of action based on the doctrine of res judicata because the matter was already litigated in state court. On March 22, 2005, the district court addressed the Motions to Dismiss and the Writ of Replevin and ordered the cause of action be dismissed without prejudice.

Villarreal filed a timely notice of appeal, appealing the dismissal of her claims. On September 3, 2005, Smith's attorney was served a copy of the Motion to Reinstate Case pursuant to the Fifth Circuit Rules. Though Smith was served, he did not file a brief with the court.

## II. STANDARD OF REVIEW

Jurisdictional issues are to be decided by the court, not by a jury, regardless of whether they hinge on questions of law or fact. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981). Since the district court's judgment regarding subject matter jurisdiction rests on the complaint alone, our review is limited to a determination of whether the district court's application of the law was correct. *Id.*

## III. DISCUSSION

Based on the language contained in the magistrate judge's recommendation, Villarreal was aware, or should have been aware, of the fifteen day time period to file a response to a motion. Yet, she failed to timely respond to Smith's second motion to dismiss, which was subsequently reviewed and granted by the magistrate judge. Failure to file written objections to the proposed findings and

recommendations of the magistrate judge within ten days of service bars an aggrieved party of de novo review from the district court, except on the grounds of clear error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988). Smith's motion to dismiss was based on a lack of subject matter jurisdiction and res judicata.

A. Subject Matter Jurisdiction

We will first address the issue of jurisdiction. Federal courts have an obligation to throughly examine their own jurisdiction. *United States v. Hays*, 515 U.S. 737 (1995). A federal court has the affirmative duty to inquire into jurisdiction whenever the possibility of a lack of jurisdiction arises. *Marshall v. Gibson's Prods., Inc.*, 584 F.2d 668, 672 (5th Cir. 1978). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that whenever it appears that the court lacks subject matter jurisdiction, the court must dismiss the action.

Federal courts can dismiss a claim for lack of subject matter jurisdiction based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). For a plaintiff to invoke diversity jurisdiction of the federal court, the plaintiff must allege facts that indicate the amount in controversy exceeds $75,000, excluding interests and costs. 28 U.S.C. § 1332(a). The party invoking federal court jurisdiction bears the burden of proving, by a preponderance of the evidence, that the court has subject matter jurisdiction. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

Villarreal did not supplement her complaint, and on its face it does not appear more likely than not that the amount of her claims will exceed $75,000. The district court concluded that the plaintiff's claims did not meet the requisite amount. If a federal court concludes that the controversy

requirement is not fulfilled, it does not possess subject matter jurisdiction over the case. *H & D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326 (5th Cir. 2000) (ruling that because the amount in controversy requirement was not met the district court did not have jurisdiction). We agree, however, in light of the fact that Villarreal is appearing pro se and did not draft a complaint that is clearly evident of the amount in controversy as would be expected of a party represented by counsel, we will examine the res judicata claims that also served as a basis for the district court's judgment. *SEC v. AMX, Int'l*, 7 F.3d 71, 75 (5th Cir. 1993); *see also McCabe v. Agave*, 827 F.2d 634, 640 (9th Cir. 1987) (stating that courts are permitted to make allowances for pro se litigants and to read their papers carefully); *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir.1989) (stating that a pro se litigant is subject to less stringent standards than one represented by counsel). *Cf. Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that allegations in pro se complaint are to be construed liberally).

B. Res Judicata

Res judicata bars the re-litigation of claims that either have or should have been litigated or raised in an earlier suit. *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). Villarreal is barred from pursuing her cause of action against Smith based on the doctrine of res judicata because her claims were previously litigated in the Miller County Circuit Court of Arkansas. Villarreal did not appear before the Arkansas trial court, and it granted judgment in favor of Smith. The only challenge Villarreal presents to Smith's res judicata argument is that she filed for removal of the state case to federal court. Though Villarreal filed for removal of her action to federal court, she did not remove the case in a timely fashion. A notice of removal must be filed within thirty days from the defendant's receipt of the initial complaint. 28 U.S.C. § 1446.

In the state case, Smith filed an answer to Villarreal's complaint on September 24, 2003. Villarreal's notice of removal was not filed until October 28, 2004. Because her notice of removal was filed more than thirty days after Smith's receipt of the initial complaint, it no longer qualified for removal and the judgment of the Miller County Circuit Court stands. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999). Villarreal has not disputed Smith's assertion that the two cases involve the same claims. Villarreal also has not presented any evidence to negate Smith's assertion that she is estopped from pursuing her claims. Because the Miller County Circuit Court finding stands, res judicata bars this court from hearing the claims that involve Smith.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court dismissing Villarreal's cause of action without prejudice.