Friedman v. Swiss Re Am. Holding Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand thirteen.

**PRESENT:**
> **Peter W. Hall,**
> **Debra Ann Livingston,**
> **Christopher F. Droney,**
> > *Circuit Judges.*

_____

**Gene Friedman,**

> *Plaintiff-Appellant*,

> **v.**                                                     **11-5383**

**Swiss Re America Holding Corporation,**

> *Defendant-Appellee*.

_____

**FOR PLAINTIFF-APPELLANT:**          Gene Friedman, *pro se*, Stamford, CT.

**FOR DEFENDANT-APPELLEE:**           Susanne Kantor (Greg A. Riolo, *on the brief*), Jackson Lewis LLP, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART** and the case is **REMANDED**.

Plaintiff-Appellant Gene Friedman, *pro se*, appeals the judgment of the district court dismissing his complaint alleging unlawful employment discrimination on the basis of his religion and age, pursuant to, *inter alia*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 ("ADEA"), as untimely filed.[1]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 36 (2d Cir. 2011) (per curiam) (internal quotation marks omitted).  Under Rule 12(b)(6), dismissal is proper for pleadings that fail to state a claim upon which relief can be granted.

In order to pursue successfully a Title VII or ADEA claim in federal court, a plaintiff must file his federal complaint within 90 days of receipt of his right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC").  *See* 42 U.S.C. § 2000e-5(f)(1) (governing Title VII claims); 29 U.S.C. § 626(e) (governing ADEA claims).  There is a presumption that a

---

[1]  This decision does not pertain to that portion of the district court's order dismissing, pursuant to Fed. R. Civ. P. 12(b)(1), Friedman's state law discrimination claims, which Friedman has not challenged on appeal.

2

notice provided by a government agency was mailed on the date shown on the notice.  *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 & n.1 (1984)).  There is a further presumption that a mailed document is received three days after its mailing.  *See id.* at 525.  However, the initial presumption is not dispositive "[i]f a claimant presents *sworn testimony* or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail."  *Id.* at 526 (emphasis added).

In the present case, it was error to dismiss Friedman's complaint as untimely.  As an initial matter, the district court should have accepted as true the statement in Friedman's complaint that he actually received his EEOC right-to-sue notice on December 13, 2010 (as opposed to December 10, 2010, which was the presumed date of receipt following the December 7, 2010 issuance of that notice).  This statement, appearing in the complaint that Friedman "declare[d] under penalty of perjury [to be] true and correct," is sufficient to rebut the three-day presumption.  *See id.*[2]  Thus, based on his having received the EEOC's right-to-sue letter on December 13, 2010, Friedman was required to file his complaint within 90 days thereafter, or by Monday, March 14, 2011.

While it is undisputed that Friedman's complaint was filed in the district court on March 15, 2011, one day past the deadline, the district court also erred by not considering, and

---

[2]  It is understandable that the district court did not rely on the statement in Friedman's complaint about the date of his actual receipt of the right-to-sue letter, as Friedman did not raise this or point this out in his opposition to the motion to dismiss.  ECF No. 15.  However, the Defendant did point out Friedman's statement in its brief in support of the motion to dismiss, as well as in its reply brief to Friedman's opposition.  ECF No. 11, at 9; ECF No. 16, at 5.

accepting as true, Friedman's affidavit filed in opposition to the Defendant's motion to dismiss, in which Friedman attested that he had attempted to file his complaint on Friday, March 11, 2011, but was turned away by a clerk who informed him she was unable to assist him because she did not know how to handle the filing of a *pro se* complaint. Friedman also attested that the clerk eventually offered to stamp the back of the first page of his complaint with a "received" office stamp showing that he had been there on March 11, and then advised him to come back "the following week" to file the complaint when her supervisor would be present. Importantly, Friedman's version of the events was corroborated when the Defendant submitted to the district court a copy of the back of the first page of Friedman's complaint, which bore the district court's March 11 "received" date stamp, albeit crossed out.

Thus, accepting these factual statements as true, as we must, the timeliness of Friedman's complaint depends on whether, as a matter of law, he should be credited for his unsuccessful attempt to file his complaint on March 11. In these particular circumstances, we hold that he should. This Court has held that when a *pro se* applicant submits a complaint, it "should be treated as timely, provided the complaint was received by the clerk's office prior to the expiration of the limitations period," even if it was not filed until a date beyond the limitations period. *Toliver v. Cnty. of Sullivan*, 841 F.2d 41, 42 (2d Cir. 1988) (per curiam). Here, as in *Toliver*, Friedman should not be penalized for the delay caused by the clerk's office – namely, its refusal to accept his complaint for filing on March 11, which preceded the expiration of the 90-day filing deadline. Accordingly, Friedman's Title VII and ADEA claims should be treated as timely, and to that extent his complaint should be reinstated.

4

We have considered all of Friedman's and the Defendant's remaining arguments and find them to be without merit. Accordingly, we **VACATE** the district court's judgment in part insofar as it dismisses Friedman's Title VII and ADEA claims, and we **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk