13-4011-cv
*Kalican v. Dzurenda*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand fourteen.

PRESENT:
> ROSEMARY S. POOLER,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

Kurtulus K. Kalican,

>               *Plaintiff-Appellant*,

>        v.                                                         13-4011

James E. Dzurenda, *et al.*,

>               *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          Kurtulus K. Kalican, pro se, Suffield, CT

**FOR APPELLEES:**          No Appearance

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this opinion. **IT IS FURTHER ORDERED** that the order denying reconsideration is **AFFIRMED** in part and, in part, **DISMISSED** as moot.

Appellant Kurtulus Kalican, proceeding pro se, appeals from the district court's February 26, 2013 judgment dismissing his civil rights complaints, and its August 6, 2013 order denying reconsideration of the dismissal of those claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's sua sponte dismissal of a complaint de novo. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Pro se submissions are generally reviewed with "special solicitude," and we interpret them to raise the strongest claims suggested. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). A district court should not dismiss a pro se complaint without granting leave to amend unless doing so would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). We review a district court's determination that a claim is barred by the statute of limitations de novo and its decision not to apply equitable tolling for abuse of discretion. *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 140, 144 (2d Cir. 2011).

The district court properly ruled that Kalican's due process claims failed as a matter of law. In his first claim, Kalican alleged that, on August 26, 2009, Warden Alves wrongfully denied his appeal from a prison grievance against correction officers for "conspiring against him for no reason." This allegation fails to state a claim. Grievance procedures, which are creatures of state law, are not interests independently protected by the Constitution because the failure to investigate a grievance does not increase a prisoner's sentence or impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (holding that Hawaii prison regulation did not afford prisoner with a protected liberty interest); *see also Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005) (applying *Sandin* and holding that prisoner did not have a due process right to have his grievances investigated to his satisfaction). Further, the district court did not err by failing to grant leave to amend because the claim would have failed even if artfully pleaded.

The district court also correctly ruled that Kalican's stolen-property allegations failed to state a claim. A prisoner cannot challenge the random and unauthorized deprivation of property in a 42 U.S.C. § 1983 action if the State provides adequate postdeprivation process. *Hudson v. Palmer*, 468 U.S. 517, 531–33 (1984). Connecticut provides a remedy for payment or refund of stolen property. *See* Conn. Gen. Stat. § 4-141. Kalican does not argue that this procedure is inadequate. Leave to amend would have been futile because Kalican does not seek to challenge this review process as deficient in theory or in practice. *See Port Dock & Stone Corp. v.*

*Oldcastle Ne., Inc.*, 507 F.3d 117, 127 (2d Cir. 2007) (denying remand to replead where appellant failed to supply allegations that would have stated a claim). Accordingly, the district court's judgment is affirmed as to Kalican's appeal from the dismissal of his due process claims on the merits.

However, the district court erred in ruling that Kalican waited until July 2012 to file his complaint. "A civil action is commenced by filing a complaint with the [district] court." Fed. R. Civ. P. 3. A complaint is deemed filed when the Clerk of Court receives it, *see Rosenberg v. Martin*, 478 F.2d 520, 522 n.1a (2d Cir. 1973), or, in the case of a prisoner proceeding pro se, when the complaint is given to prison officials to be mailed, *see Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993). "The clerk must not refuse to file a paper solely because it is not in the form prescribed by [the Federal Rules of Civil Procedure] or by a local rule or practice." Fed. R. Civ. P. 5(d)(4). We have held that "[t]he better course is for *pro se* submissions to be docketed and filed so that they appear in the record of the case. If the submissions are deficient, that matter can be addressed through an order or letter of the district court or the magistrate judge." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 192 (2d Cir. 2008) (internal citation omitted).

In this case, Kalican alleged that he mailed a complaint for filing in March 2012, but the clerk refused to docket it because it was unsigned. The district court ruled that Kalican was not entitled to equitable tolling under the circumstances alleged. However, if these allegations are accepted as true, they establish the date when Kalican "filed" his complaint, even in the absence of equitable tolling. *See Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008) (explaining that where an appellant fails to sign a notice of appeal, "the failure to sign may be remedied after the time period for filing the notice has expired") (citing *Becker v. Montgomery*, 532 U.S. 757, 768 (2001)); *see also Toliver v. Sullivan Cnty.*, 841 F.2d 41, 42 (2d Cir. 1988) (holding that complaint was timely filed where the clerk's office received it prior to the expiration of the limitations period, but did not formally file it on the docket until after granting plaintiff's *in forma pauperis* application, at which point the limitations period had run). Kalican's unsigned complaint should not have been rejected and returned; it should have been filed, and Kalican (a foreign-born, pro se prisoner) should have been directed to fix any technical errors of legal procedure. *See* Fed. R. Civ. P. 5(d)(4); *Sealed Plaintiff*, 537 F.3d at 191. Accordingly, the judgment is vacated and remanded, in part, and the district court should determine when Kalican delivered an unsigned complaint to prison officials for mailing and whether any of the claims dismissed as barred by the statute of limitations would now be considered timely.

We review a district court's denial of reconsideration for abuse of discretion. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). To the extent that Kalican sought to challenge the district court's dismissal of his claims on the merits, the district court's order is affirmed because the reconsideration motion sought only to "relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Kalican provided no reason to second-guess the district court's dismissal of those claims without leave to replead. To the extent Kalican sought reconsideration of the district court's statute-of-limitations ruling, that appeal is mooted by our remand.

Accordingly, we **AFFIRM** the district court judgment in part and, in part, **VACATE** and **REMAND**. Further, we **AFFIRM** the district court's reconsideration order in part and, in part, **DISMISS** the appeal therefrom as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk