### (May 8, 1969)

■ Siemens & Halske GmbH., Appellant, v. Jacqueline M. Gres, Respondent.— Judgment entered February 14, 1969, dismissing the proceeding, vacated on the law and motion to dismiss proceeding denied, with $50 costs and disbursements to appellant. Petitioner brought a special proceeding pursuant to CPLR 5225 (subd. [b]) to recover the amount of a judgment previously obtained by petitioner against International Visitors Center, Inc. Special Term dismissed the proceeding upon the ground that the statute does not authorize a proceeding under the facts alleged. The petition alleges that defendant was president and a director of the judgment debtor, and that while the corporation was indebted to plaintiff, defendant without consideration transferred to herself funds of the corporation in excess of the amount of the judgment, thereby rendering the corporation insolvent. CPLR 5225 (subd. [b]) authorizes a special proceeding against a person who is a transferee of money from the debtor either where the debtor is entitled to the money or where the judgment creditor's rights are superior to those of the transferee. This obviates the necessity for a plenary action (N. Y. Legis. Doc., 1962, No. 8, p. 486; see *Matter of Sumitomo Shoji, New York* v. *Chemical Bank N. Y. Trust Co.*, 47 Misc 2d 741, 745). We see no distinction, as regards the necessity for a plenary trial, between the situation where the claim of the judgment creditor's superior right arises from a violation of the Debtor and Creditor Law and where it may be based upon some other form of transfer (cf. *Matter of First Small Business Inv. Corp.* v. *Zaretsky*, 46 Misc 2d 328). Concur — Capozzoli, J. P., McGivern, Nunez, Steuer and Bastow, JJ.