**Joseph, Claire, and Anthony VARRONE, Plaintiffs,**

v.

**M. BILOTTI, et al., Defendants.**

No. 92–CV–1290 (JRB).

United States District Court, E.D. New York.

Sept. 22, 1993.

---

Bernard W. McCarthy, Chadbourne & Parke, New York City, for plaintiffs.

Robert Abrams, Atty. Gen. of the State of New York by Frederic L. Lieberman, New York City, for defendants.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

The defendants Michael Bilotti, John Matthews, Bert Ross, and Francisco Berrios move under Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings.[1] The defendants seek dismissal of two of three consolidated actions, each brought pursuant to 42 U.S.C. § 1983, on the grounds that the claims asserted therein are barred by the applicable statute of limitations.

By order dated October 26, 1992, this Court consolidated three Section 1983 actions entitled *Joseph Varrone v. Bilotti*, 92–CV–1290, *Claire Varrone v. Bilotti*, 92–CV–1408, and *Anthony Varrone v. Bilotti*, 92–CV–1409. Each of the above-named actions asserted that the defendants violated each of the plaintiffs' civil rights on separate but related occasions.

## BACKGROUND

At the time of the events precipitating this consolidated action, the plaintiff Joseph Varrone ("Joseph") was incarcerated at the Arthur Kill Correctional Facility in New York (the "Facility"). On or about March 8, 1989, Joseph's son, plaintiff Anthony Varrone ("Anthony"), and Susan Wight (not a party to this action) spent what prison officials term a "contact visit" with Joseph at the Facility during regular visitation hours. Following their departure, prison officials (presumably including one or more of the defendants) subjected Joseph to a "strip frisk." The defendants apparently contend that such frisks are performed routinely on inmates after contact visits.

Joseph alleges that immediately following the strip frisk defendant Berrios, a correctional officer at the Facility, informed him that he would be placed in the Special Housing Unit ("SHU"), an area of solitary confinement within the Facility, because Berrios suspected Joseph and Anthony of having exchanged certain unidentified contraband during their contact visit. Defendant Berrios admittedly placed Joseph in an SHU "drug watch" cell, where the parties agree that Joseph was held for a period of twenty-seven hours. Plaintiff's SHU confinement thus extended from March 8 through March 9, 1989. While Joseph was confined in the drug watch cell, the defendants inspected his bowel movement, which proved negative for contraband. Joseph asserts that the twenty-seven-hour SHU confinement constitutes a violation of his civil rights under 42 U.S.C. § 1983.

The Section 1983 claim asserted by Joseph's wife, the plaintiff Claire Varrone ("Claire"), is founded upon events occurring on March 9, 1989 when Claire went to visit her husband. Upon Claire's arrival at the Facility, the defendant Bilotti, a correction sergeant assigned to the visiting room of the Facility at the time in question, informed her that before she would be permitted to see Joseph she was required to submit to a strip

1. The defendant Cynthia Johnson does not join in the present motion.

search. The defendants admit that defendant Johnson, a corrections officer at the Facility, escorted Claire to a private room where she then conducted a strip search that uncovered no contraband. Defendant Johnson then escorted Claire to SHU, where the defendants permitted her a non-contact visit with Joseph. Claire avers that the defendants violated her civil rights by wrongfully subjecting her to the strip search.

The plaintiff Anthony alleges that the defendants violated 42 U.S.C. § 1983 on March 10, 1989 when he again visited his father at the Facility. Upon Anthony's arrival, defendant Matthews, a Facility correction sergeant assigned to the visiting room at the relevant time, informed Anthony that he, too, must submit to a strip search before he would be granted visitation privileges. Anthony admits having signed a Consent to Search form before defendant Matthews escorted him to a private room where a full-body search proved negative for contraband. This strip search serves as the foundation of Anthony's Section 1983 claim.

Although the plaintiffs currently are represented by counsel, at the time they filed their respective complaints, each of the plaintiffs was proceeding *pro se*. Joseph presented his complaint against the defendants to the *pro se* office on March 10, 1992, and his complaint thereafter was filed with the Clerk of this Court on March 19, 1992. Similarly, plaintiffs Claire and Anthony presented complaints to the *pro se* office on March 10, 1992, which subsequently were filed with the Court on March 25, 1992. The present motion challenges only the timeliness of plaintiffs Joseph and Claire's Section 1983 claims.

## DISCUSSION

A Rule 12(c) motion for judgment on the pleadings "may be interposed after the answer is filed, as a vehicle for raising defenses enumerated in Rule 12(b)." *Viacom Int'l, Inc. v. Time, Inc.*, 785 F.Supp. 371, 375 n. 11 (S.D.N.Y.1992). Thus, a statute of limitations defense properly is the subject of a Rule 12(c) motion. *See, e.g., Ortiz v. Cor-*

*netta,* 867 F.2d 146, 148 (2d Cir.1989); *Viacom Int'l, Inc.*, 785 F.Supp. at 375 n. 11.

The federal courts generally " 'have followed a fairly restrictive standard in ruling on motions for judgment on the pleadings,' " *McNeill v. New York City Housing Authority,* 719 F.Supp. 233, 256 (S.D.N.Y.1989) (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1368, p. 689 [1969] ), granting such motions only "where material facts are undisputed and ... judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir.1988). On Rule 12(c) motions, the court is compelled to accept as true "all of the well pleaded facts alleged" by the nonmoving party, *Bloor v. Carro, Spanbock, Londin, Rodman & Fass,* 754 F.2d 57, 61 (2d Cir.1985), and must draw all reasonable inferences therefrom in his favor. *DeSantis v. United States,* 783 F.Supp. 165, 168 (S.D.N.Y.1992). Where, as here, defendant alleges that the plaintiff's claims are untimely, dismissal is improper unless it "appears beyond doubt" that the plaintiff's claim is barred by the applicable statute of limitations. *Egelston v. State University College,* 535 F.2d 752, 754 (2d Cir.1976).

The parties do not dispute that the three-year statute of limitations provided in Section 214(5) of the New York Civil Practice Law and Rules applies to actions brought under 42 U.S.C. § 1983. *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The Second Circuit has applied this limitations period strictly. *See Day v. Morgenthau,* 909 F.2d 75, 79 (2d Cir.), *amended on reh'g,* 17 Fed.R.Serv.3d 1420 (2d Cir.1990). The parties also agree that the plaintiffs' Section 1983 claims accrued for limitations purposes at the time that each of the plaintiffs knew or had reason to know of the injury forming the basis of his or her action. *Cullen v. Margiotta,* 811 F.2d 698, 725 (2d Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). Thus, the parties concur that for plaintiffs Joseph and Claire's civil rights claims, the statute began to run, at the very

latest, on March 9, 1989.[2]

Although the parties dispute whether the plaintiffs Joseph and Claire's actions were commenced on March 19, 1992 and March 25, 1992, respectively (the dates upon which the plaintiffs filed their complaints with the Court), or whether, as the plaintiffs contend vehemently, the actions were deemed commenced on March 10, 1992 upon their presentation to the *pro se* office, the Court finds it unnecessary to resolve this issue because, in either case, the plaintiffs' claims are untimely.

■ The plaintiffs' opposition to the present motion centers exclusively on their appeal to this Court to grant them leniency and to apply a less stringent standard to the plaintiffs as *pro se* litigants. This Court is sympathetic to the plight of the unrepresented and is mindful of the clearly announced principle that encourages the federal courts to accord *pro se* litigants greater leniency with respect to certain procedural requirements more easily fulfilled by members of the bar. *See, e.g., Mount v. Book-of-the-Month Club, Inc.,* 555 F.2d 1108, 1112 (2d Cir.1977) ("A layman representing himself ... is entitled to a certain liberality with respect to procedural requirements"); *Stewart v. United States Postal Service,* 649 F.Supp. 1531, 1535 (S.D.N.Y.1986) ("the law downplays the strict application of harsh procedural rules when a party is *pro se*"). Moreover, the Court has given careful consideration to the general rule that where, as here, "*pro se* papers implicate the vindication of civil rights or civil liberties," they are to receive a particularly liberal construction. *Stewart,* 649 F.Supp. at 1535. *Accord Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991); *Williams v. King,* 796 F.Supp. 737, 739 (E.D.N.Y.1992).

■ However, the net effect of the principles cited above does not require that the courts disregard completely procedural requirements or rules of substantive law whenever a *pro se* litigant alleges a civil rights violation. Rather, although the courts have

"an obligation to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights ... '[t]he right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law.'" *Clarke v. Bank of New York,* 687 F.Supp. 863, 871 (S.D.N.Y.1988) (internal citation omitted) (quoting *Birl v. Estelle,* 660 F.2d 592, 593 [5th Cir.1981]). *See also Michelson v. Merrill Lynch Pierce, Fenner & Smith, Inc.,* 619 F.Supp. 727, 741–42 (S.D.N.Y.1985) ("*pro se* litigants ... like all parties to a litigation, cannot rely upon [their] *pro se* status as a shield from all mistakes but must at some point bear the consequences of [their] procedural errors").

The plaintiffs correctly note that the courts of this Circuit generally have accorded *pro se* litigants latitude with respect to meeting procedural requirements. One way in which this liberal approach has manifested itself is in the development of the principle that a *pro se* complaint filed beyond the statutory bar may be considered commenced timely if received by the *pro se* clerk's office when the statute of limitations has not yet expired. *See, e.g., Toliver v. County of Sullivan,* 841 F.2d 41, 42 (2d Cir.1988). However, even granting the plaintiffs the latitude they request and according them the benefit of this approach does not render their claims timely, as both Joseph and Claire's complaints were not presented to the *pro se* clerk's office until March 10, 1992, one day beyond the statutory bar. Thus, because the plaintiffs failed to present their complaints to the *pro se* clerk *before* the expiration of the limitations period, application of the commencement rule articulated in *Toliver, supra,* is unavailing.

The plaintiffs have failed to demonstrate circumstances warranting greater judicial leniency than that already afforded them under the law. Accordingly, the Court finds that the plaintiffs Joseph and Claire's Section 1983 claims are barred by the applicable statute of limitations.

---

2. Because the parties are in agreement that Joseph's confinement ended and defendant Johnson conducted the strip search of plaintiff Claire on March 9, 1989, and because both parties apparently calculate the three-year limitations period from this date, for purposes of this motion the Court will treat March 9, 1989 as the accrual date of the plaintiffs' Section 1983 claims.

58

■ The Court must address one final issue regarding dismissal of the Section 1983 claims asserted by Joseph, Claire, and Anthony Varrone against one of the defendants, Cynthia Johnson. Because the plaintiffs never effected service of the summons and complaint upon the defendant Johnson within 120 days of the filing thereof, pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, the Court, upon its own initiative, dismisses without prejudice this consolidated action as against defendant Johnson.

## CONCLUSION

For the reasons set forth above, the defendants' motion for judgment on the pleadings dismissing the claims asserted by plaintiffs Joseph and Claire Varrone hereby is GRANTED, and all of the claims asserted by the plaintiffs Joseph, Claire, and Anthony Varrone against the defendant Cynthia Johnson hereby are DISMISSED without prejudice pursuant to Fed.R.Civ.Pro. 4(j).

SO ORDERED.