■ BARBARA BLOOMFIELD, Respondent, v MARSHALL BLOOMFIELD et al., Appellants. [721 NYS2d 15] —Order, Supreme Court,

Bronx County (Gerald Esposito, J.), entered on or about October 13, 2000, which denied defendant Marshall Bloomfield's motion to dismiss plaintiff's complaint as time-barred, unanimously affirmed, with costs.

Plaintiff seeks damages for fraud and constructive fraud under Debtor and Creditor Law §§ 273 and 276, alleging, *inter alia*, that her estranged husband, defendant Marshall Bloomfield, in 1992, entered into an agreement with his brother, defendant Matthew Bloomfield, to make it appear that Marshall's assets had been transferred to Matthew, and by this device intended to frustrate plaintiff's rights to equitable distribution of the marital assets in the ongoing matrimonial action commenced by Marshall Bloomfield in 1995. Dismissal of the complaint upon the ground that it was time-barred was properly denied. A claim for constructive fraud under Debtor and Creditor Law § 273 is governed by the six-year Statute of Limitations, and arises at the time the fraud or conveyance occurs. A claim for actual fraud under Debtor and Creditor Law § 276 must be brought within six years of the fraud or conveyance, or within two years of discovery, whichever period is longer (*see*, CPLR 203 [g]; 213 [8]; *Liberty Co. v Boyle*, 272 AD2d 380, 381; *Wall St. Assocs. v Brodsky*, 257 AD2d 526, 530). Since it cannot be determined on the present record whether the transfers to which the brothers purportedly agreed in 1992 actually took place, there is not yet an ascertainable transfer date from which the limitations period can be computed with respect to plaintiff's claim for constructive fraud (*see*, *Leon v Martinez*, 84 NY2d 83, 87-88; *Liberty Co. v Boyle*, *supra*, 272 AD2d, at 382). In addition, it has already been determined in the matrimonial action that plaintiff had no information regarding the purported 1992 agreement until after discovery took place in that action, which plaintiff claims occurred on January 8, 1998.

Defendants' remaining arguments regarding plaintiff's standing and the legal sufficiency of her claims, neither raised before nor addressed by the motion court, are not properly before us on appeal. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Lerner and Buckley, JJ.