Philip Irwin AARON, Petitioner,

v.

Nina Joan MATTIKOW, Respondent.

No. CV 99–2662(ETB).

United States District Court, E.D. New York.

Dec. 16, 2004.

Barry Richard Carus, Philip Irwin Aaron, P.C., Syosset, NY, for Plaintiff.

Alfred H. Mattikow, pro se.

Willis H. Stephens, Stephens & Charbonneau, Greenwich, CT, for Defendant.

## MEMORANDUM OPINION AND ORDER

BOYLE, United States Magistrate Judge.

Before the court is the pro se petition by Philip Aaron ("Aaron") for a garnishment order to enforce the prior judgment of this court in this action. The respondent moves to dismiss this proceeding pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c).

In 2002, the plaintiff Aaron obtained a monetary judgment in this court against the defendant Alfred Mattikow. Aaron has been

unable to collect on the judgment, and in an effort to enforce the judgment, filed this petition seeking to execute on certain stock held by Alfred Mattikow's wife, respondent Nina Mattikow. Aaron named Nina Mattikow as the garnishee, alleging that she holds in her name certain personal property consisting of shares of stock in two closely held corporations which shares, Aaron maintains, constitute assets belonging to the judgment debtor. Nina Mattikow denies these allegations.

### FACTS

The parties in this case have a long and contentious history. Philip Irwin Aaron ("Aaron") initially filed a complaint, based on diversity jurisdiction, on May 11, 1999, against Alfred H. Mattikow ("Alfred Mattikow" or "defendant"). Aaron alleged in the complaint that Alfred Mattikow failed to pay a promissory note. (Pl.'s Compl. ¶¶ 6–7.) The case went to trial, and by a Memorandum and Order dated July 12, 2002, and a judgment dated July 15, 2002, Alfred Mattikow was ordered to pay Aaron $100,557.29, together with costs and post-judgment interest. (Mem. and Order by the undersigned, signed July 12, 2002; Judgment by the undersigned, signed July 15, 2002.) This judgment was affirmed by the Court of Appeals on May 20, 2003, and the defendant's motion to vacate the judgment was denied on September 24, 2003. (Mem. and Op. by the undersigned, signed Sept. 24, 2003.)

In August, 2004, Aaron commenced this post-judgment special proceeding against Nina Joan Mattikow ("Nina Mattikow" or "Respondent"), Alfred Mattikow's wife, to enforce the underlying judgment. (See Pet. in Proceeding Pursuant Fed.R.Civ.P. 69(a) and N.Y.S. C.P.L.R. 5225(b) ("Petition").) Aaron proceeds under Federal Rule of Civil Procedure 69(a), New York State Civil Practice Law and Rules ("C.P.L.R") § 5225(b), and C.P.L.R. Article 4. (See Pl.'s Mem. of Law, dated August 1, 2004, at 1–2.)

Aaron's petition alleges that Alfred Mattikow has not paid any part of the judgment obtained against him, and that this proceeding is commenced to declare certain property in the possession and/or custody of Nina Mattikow as belonging to Alfred Mattikow. (See Pet. at 1.) Specifically, Aaron alleges that Nina Mattikow is holding the stock ownership in two companies, AYD Development, LLC ("AYD") and North Street Corp. ("North Street"), for the benefit of the judgment debtor, Alfred Mattikow, who is alleged to be the true and rightful owner. (Pet. at 2–3.) Aaron alleges that respondent's stock ownership in the companies is "for the purpose of hiding assets and income rightfully belonging to Alfred" Mattikow in an attempt to place them beyond the reach of creditors. (Id. at 3.) Aaron states that Alfred Mattikow, the judgment debtor, shows no income or assets on his tax return and claims to be insolvent while in fact he is active in real estate speculation through AYD. (Pl.'s Aff. in Supp. of Proceeding Pursuant to Fed. R.Civ.P. 69(a) and N.Y.S. C.P.L.R. 5225(b) ("Affidavit"), ¶¶ 15–17; Pl.'s Reply Aff. in Supp. of Proceeding Pursuant to Fed. R. Civ P. 69(a) and N.Y.S. C.P.L.R. 5225(b) ("Reply Affidavit"), ¶ 22.) In support of his allegations, Aaron has submitted several exhibits in an effort to demonstrate that Alfred Mattikow is a true and rightful owner of AYD and North Street. (See Pl.'s Aff., Ex. A–J; Pl.'s Reply Aff., Ex. K–O.) These exhibits include transcripts of depositions and other documents in which individuals who have done business with the companies acknowledge that they have worked with Alfred Mattikow and that he is actively engaged in real estate speculation. (See e.g., Exhibit A at 72–73; Exhibit B at 48.) Aaron requests that respondent Nina Mattikow's Motion to Dismiss be denied. (Pl.'s Reply Mem. of Law at 9.)

In his prayer for relief, Aaron requests that the Court declare Alfred Mattikow as the rightful owner of AYD and North Street, and that the shares of stock in both companies be sold and the proceeds made available to satisfy plaintiff's judgment. (Pet. at 3.)

The respondent in this proceeding, Nina Mattikow, objects to this proceeding, stating that she owns and controls AYD and North Street and that she is the only person who has contributed capital to these companies. (Def.'s Mot. to Dismiss at 2–3.) Nina Mattikow acknowledges that although Alfred Mattikow is retired, he does occasionally provide assistance to the companies, and is given the use of a company car (Respondent's Aff. in

Opp'n to Pet. and In Supp. of Mot. to Dismiss ("Respondent's Aff.") at ¶ 19, ¶ 22.) She further states that when and if the companies develop income streams, Alfred Mattikow would be compensated for his time, but that the companies are hers. (*Id.* at ¶ 19.)

Additionally, the respondent denies that this Court has ancillary jurisdiction over this proceeding. She contends that because this post-judgment proceeding is against a nonparty to the underlying action in which the judgment was rendered, it may not be considered subject to the ancillary jurisdiction of the district court. (Def.'s Mem. of Law in Supp. of Mot. to Dismiss at 2, 4–6.) She further asserts that this is not a proper garnishment case, because Nina Mattikow is the acknowledged legal owner of the corporate assets at issue sought for garnishment. (*Id.* at 6.)

Finally, the respondent notes that on April 28, 2004, she, AYD, and North Street commenced an action in the United States District Court for the District of Connecticut seeking a judgment declaring that AYD and North Street are not Alfred Mattikow's alteregos and that AYD and North Street are not responsible for the underlying judgment against him. (*Id.* at 9–10.) The respondent asserts that the Connecticut action involves the same parties and same underlying issues as the within proceeding, and was filed prior to the within proceeding, and therefore this proceeding should be dismissed in the interest of judicial efficiency. (*Id.*)

## DISCUSSION

### I. *Motion to Dismiss: Legal Standards*

#### A. *Subject Matter Jurisdiction Pursuant to 12(b)(1)*

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that subject matter jurisdiction exists over the complaint. *See Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996). In considering the motion, a district court must "accept as true all material factual allegations in the complaint." *Shipping Fin. Serv. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). The court may take into consideration evidence presented outside of the pleadings, such as affidavits and depositions. *See Makarova v. United States,* 201 F.3d 110, 114 (2d Cir.2000); *Exchange Nat. Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1131 (2d Cir.1976). The court may not, however, draw inferences from the pleadings and other submissions favorable to the party asserting jurisdiction. *Shipping Fin. Serv. Corp.,* 140 F.3d at 131 (citing *Norton v. Larney,* 266 U.S. 511, 515, 45 S.Ct. 145, 69 L.Ed. 413 (1925)).

#### B. *Judgment on the Pleadings Pursuant to Rule 12(c)*

In considering a Rule 12(c) motion for judgment on the pleadings, the court applies the same standard used in a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir. 1994), cert. denied, 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). Accordingly, the court must accept all allegations in the complaint as true and draw all reasonable inference in favor of the non-moving party. *Id.; Varrone v. Bilotti,* 851 F.Supp. 54, 56 (E.D.N.Y.1993). The motion is to be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Generally, motions for judgment on the pleadings are granted only "where material facts are undisputed and ... judgment on the merits is possible merely by considering the contents of the pleadings." *Varrone,* 851 F.Supp. at 56 (quoting *Sellers v. M.C. Floor Crafters, Inc.,* 842 F.2d 639, 642 (2d Cir. 1988)).

### II. *Denial of Respondent's Motion to Dismiss*

#### A. *The Special Proceeding is the Proper Mechanism to Enforce a Judgment*

Respondent Nina Mattikow argues that Aaron's petition is procedurally defective. Aaron brings this special proceeding against the respondent pursuant to Federal Rule of Civil Procedure 69(a) and C.P.L.R. § 5225(b).

Federal Rule of Civil Procedure 69(a) provides that

> [p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

In accordance with this rule, petitioner relies on C.P.L.R. § 5225(b) for the practice and procedure of New York. C.P.L.R. § 5225(b) provides that:

> *Property not in the possession of judgment debtor*
>
> Upon a special proceeding, commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money.

C.P.L.R. § 5225(b).

■ The proceedings authorized by C.P.L.R. § 5225(b) may be properly brought by a judgment creditor against a garnishee or a transferee. *See Siemens & Halske v. Gres*, 32 A.D.2d 624, 624, 299 N.Y.S.2d 908, 908 (1st Dep't 1969) (holding that a special proceeding is proper in a fraudulent conveyance case); *Gelbard v. Esses*, 96 A.D.2d 573, 575, 465 N.Y.S.2d 264 (2nd Dep't 1983), 96 A.D.2d 573, 465 N.Y.S.2d 264, 267. Formerly, a plenary action was required in order to set aside a fraudulent transfer, but a special proceeding under C.P.L.R. now obviates that necessity. *Siemens, id.; Gelbard, id.;* David D. Siegel, *Practice Commentaries* § 5225:7 (McKinney 1997) ("This express authorization to use C.P.L.R. § 5225(b) against transferees means that it may be the means to set aside fraudulent transfers made by the judgment debtor to defraud creditors.").

Accordingly, based on the mandate of Rule 69(a) and the practice of New York outlined in C.P.L.R. § 5225(b), Aaron has properly commenced this post-judgment special proceeding.

B. *The Proceeding Concerns a Fraudulent Conveyance*

Petitioner Aaron characterizes the nature of the present proceeding as a garnishment proceeding. Respondent Nina Mattikow argues that this cannot be a garnishment because Nina Mattikow is the acknowledged legal owner of the assets.

■ The facts of this case differ significantly from those in a standard garnishment case as contemplated by the Court in *Peacock v. Thomas*, 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996). Typically, a garnishment proceeding is simply a "a 'procedural' mechanism for the enforcement of judgments" where no dispute exists as to the rightful owner of the assets sought to be garnished. *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 834 n. 10, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988); *see also Peacock*, 516 U.S. 349, 116 S.Ct. at 868 (referring to *Mackey* to illustrate a garnishment case). In the present action, Aaron alleges that the judgment debtor, Alfred Mattikow, is the rightful owner of shares of stock being held in Nina Mattikow's name solely for purposes of avoiding the reach of creditors. These facts more closely approximate the circumstances of a fraudulent conveyance, and accordingly, fall within the purview of New York Debtor and Creditor Law § 276 ("Debt. & Cred. § 276").

■ Debt. & Cred. § 276 states that "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Under Section 276, a conveyance will be set aside regardless of the adequacy of consideration where the party seeking to set aside the conveyance can prove the debtor's actual intent to hinder and delay creditors. *Hassett v. Goetzmann*, 10 F.Supp.2d 181, 187 (N.D.N.Y.1998) (citing *United States v. Car-*

*lin,* 948 F.Supp. 271, 277 (S.D.N.Y.1996)); *Elgin Sweeper Co. v. Melson, Inc.,* 884 F.Supp. 641, 649 (N.D.N.Y.1996). A claim pursuant to Section 276 must be brought within six years of the fraud or conveyance, or within two years of discovery, whichever period is longer. *Bloomfield v. Bloomfield,* 280 A.D.2d 320, 321, 721 N.Y.S.2d 15 (1st Dep't 2001), 280 A.D.2d 320, 721 N.Y.S.2d 15, 16.

The petitioner is not required to establish actual intent "to hinder, delay, or defraud ... present or future creditors" by direct evidence, which is rarely available. *Hassett,* 10 F.Supp.2d at 188. Instead, the Court may infer fraud from the circumstances surrounding the transaction, commonly referred to as the "badges of fraud." *Id.* at 188 (citing *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983,* 731 F.2d 1032, 1041 (2d Cir.1984)). Such circumstances include for example: (i) transfers to relatives or close friends of the transferor; (ii) suspicious timing of the transfers or transfers that are unusual or hasty; (iii) lack of fair consideration for the transfers; (iv) whether the transfers rendered the transferor insolvent; and (v) the transferor's retention of possession, benefit, or use of the property transferred. *Id.* (citing *United States v. McCombs,* 30 F.3d 310, 328 (2d Cir.1994); *Marine Midland Bank v. Murkoff,* 120 A.D.2d 122, 129, 508 N.Y.S.2d 17 (2d Dep't 1986)).

In *Hassett,* a judgment creditor filed suit against the judgment debtor, the CEO of an insolvent corporation, alleging three causes of action, including a claim under Section 276 that the debtor transferred assets to his wife and son with the intent to hinder, delay, or defraud his creditors. *Hassett,* 10 F.Supp.2d at 185. The judgment debtor stated that he made the conveyances to his wife, a transfer of over $5 million in assets to his wife for consideration of approximately $800,000 in assets, because "it was the only fair thing to do." *Id.* at 186–87. The debtor also stated that he could not satisfy the judgments against him because he generated no income, despite acknowledging that he worked. *Id.* at 187. The court found the conveyances to be fraudulent, based on the existence of the aforementioned "badges of fraud," including the intra-family nature of the transactions,

the fact that the transfers were made at a time when the debtor was aware of potential problems with his creditors, and the fact that the transfers were rendered for grossly inadequate consideration. *Id.* at 189. The court also took into account the judgment debtor's retention of the possession, benefit, and use of the assets he transferred to further illustrate the requisite intent. *Id.* For instance, the debtor continued to reside at the marital estate, continued to drive one of the vehicles he transferred, and continued to derive substantial benefit from the proceeds from the sale of assets that were transferred. *Id.* The Court concluded that the debtor worked for no compensation because by receiving no compensation he generated no income which could be attached and reached by creditors. *Id.* Further, the Court noted that the judgment debtor and his wife anticipated someday reaping rewards of his business efforts despite the fact that he purported to have no legal interest in the business. As the court stated, "he has tacitly conceded that he retains the control and benefit of [the corporation] by operating it behind the shield of [his wife]. These conclusions further illustrate the intentional fraud behind the Judgement Debtor's scheme." *Id.*

The circumstances in *Hassett* are very similar to the allegations in this case. Aaron alleges that Alfred Mattikow seeks out real estate ventures and then forms a separate entity to take over the real estate transaction. According to the allegations, AYD will own the separate entity in whole or in part, and the fruits of Alfred Mattikow's investment will eventually be transferred to AYD. Aaron alleges that since everything flows first to AYD, the company in Nina Mattikow's name, Alfred Mattikow is able to live a comfortable lifestyle while simultaneously evading creditors. In support of his allegations, Aaron alleges that Alfred Mattikow is the operative person in the real estate corporations, and has submitted portions of deposition transcripts in which various persons familiar with the operations of AYD acknowledge Alfred Mattikow's involvement with the company. Respondent Nina Mattikow acknowledges that although her husband is technically retired, he drives a company car and provides assistance to AYD on occasion.

Also, she states that when and if AYD earns profits, Alfred Mattikow will be compensated for his time.

■ Thus, as in *Hassett*, the allegations in the petition are that Mattikow, the judgment debtor, engages in work for the AYD and North Street corporations without compensation, enjoys the benefits of his wife's ownership of the companies, and may someday reap the rewards of his business efforts, all ostensibly without having any ownership of or withdrawing any salary from the corporations. The allegations are sufficient to support a fraudulent conveyance claim under New York Debtor and Creditor Law § 276, which is incorporated under C.P.L.R. § 5225(b).

■ There are many disputed issues of material fact between the parties, and this Court is unable to determine the merits of this case based on the pleadings. The respondent's motion for judgment on the pleadings is therefore denied.

### C. This Court is Authorized to Exercise Ancillary Jurisdiction Over the Proceeding

■ The respondent also moves for dismissal based on a lack of subject matter jurisdiction. In their discussion of this Court's ancillary jurisdiction [1] over this proceeding, the parties rely heavily on the Supreme Court's jurisdictional analysis in *Peacock v. Thomas*, 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996). In *Peacock*, respondent Jack Thomas ("Thomas") filed an ERISA action against his former employer Tru–Tech and Grant Peacock, an officer and shareholder at Tru–Tech, seeking benefits due under Tru–Tech's pension benefits plan. *Id.* at 351, 116 S.Ct. 862. The district court held that TruTech breached its fiduciary duty but that Peacock was not a fiduciary, so the court entered a judgment against Tru–Tech only, which the Court of Appeals affirmed. *Thomas v. Peacock*, 39 F.3d 493 (4th Cir.1994). After Thomas unsuccessfully attempted to collect the judgment from Tru–Tech, he sued Peacock, alleging Peacock fraudulently conveyed assets away from Tru–

Tech to prevent satisfaction of the judgments. *Peacock*, 516 U.S. at 352, 116 S.Ct. 862. Thomas asked the court to pierce the corporate veil in order to enable collection on the judgment against Tru–Tech. *Id.* The district court granted Thomas' request and entered a judgment against Peacock, which the Court of Appeals affirmed, holding that the district court properly exercised ancillary jurisdiction over Thomas' suit. *Id.* (citing *Thomas v. Peacock*, 39 F.3d 493 (4th Cir. 1994)). The Supreme Court reversed on the grounds that the district court did not have subject-matter jurisdiction over Thomas' suit to pierce the corporate veil. *Id.* However, the Supreme Court specified that actions alleging fraudulent conveyances without a request to pierce the corporate veil do fall within the district court's ancillary jurisdiction, since fraudulent conveyance cases involve a party seeking to enforce a judgment from a prior action. *Id.* at 357, 116 S.Ct. 862. The Court noted the necessity of ancillary jurisdiction for enforcement of federal judgments:

> We have reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments. Without jurisdiction to enforce a judgment entered by a federal court, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution." In defining that power, we have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection and enforcement of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances.

*Id.* at 356, 116 S.Ct. 862 (citing *Riggs v. Johnson County*, 6 Wall. 166, 187, 18 L.Ed. 768 (1867)).

The Second Circuit Court of Appeals acknowledged the *Peacock* distinction in *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100, 104–05 (2d Cir.2001). The judgment

---

1. Much of the common-law doctrine of ancillary jurisdiction is now codified as part of "supple- mental jurisdiction." *See* 28 U.S.C. § 1367.

creditors there brought fraudulent conveyance claims against the purported transferees of the judgment debtor's assets. *Id.* The court distinguished ancillary jurisdiction actions involving fraudulent conveyances against transferees from actions seeking to impose liability for underlying judgment on a third party, such as in actions involving veil piercing and alter ego, which are beyond the reach of ancillary jurisdiction:

> Since *Peacock,* most courts have continued to draw a distinction between post-judgment proceedings to collect an existing judgment and proceedings, such as claims of alter ego liability and veil-piercing, that raise an independent controversy with a new party in an effort to shift liability. Where the post-judgment proceeding is an effort to collect a federal court judgment, the courts have permitted judgment creditors to pursue, under the ancillary enforcement jurisdiction of the court, the assets of the judgment debtor even though the assets are found in the hands of a third party.

*Id.* at 105.

Aaron's action alleges that Alfred Mattikow is the rightful owner of the stock of AYD and North Street and that the transfer of ownership of stock shares to Nina Mattikow, his wife, is a conveyance to hinder, delay, or defraud creditors. *See* N.Y. Debt. & Cred. § 276.

This special proceeding, pursuant to Rule 69(a), which incorporates the supplemental post-judgment proceedings under state law (here C.P.L.R. § 5225(b)) is proper under both *Peacock* and *Epperson,* for this Court's exercise of ancillary jurisdiction. For the foregoing reasons, respondent's motion for dismissal based on lack of subject matter jurisdiction is denied.

### III. *The Connecticut Action is Not a First Filed Action*

Nina Mattikow asserts that the action she filed in Connecticut on April 28, 2004, involves the same parties and underlying issues as those presently before this Court, and as such, this proceeding should be dismissed in the interest of efficiency. In the amended complaint filed in that action, Nina Mattikow demands judgment "(1) Declaring that AYD is not the alter-ego of Mattikow; (2) Declaring that North Street is not the alter-ego of Mattikow; (3) Declaring that AYD is not responsible on the judgment; and (4) Declaring that North Street is not responsible on the Judgment."

As petitioner properly points out, the petition in this proceeding seeks a judgment that Alfred Mattikow the rightful owner of the stock of AYD and North Street Corp., and accordingly, that Alfred Mattikow's stock in the corporations be made available to satisfy the judgment against him. Thus, this action seeks relief separate and distinct from the relief sought in Connecticut.

The general rule in the Circuit is that "where proceedings involving the same parties and issues are pending simultaneously in different federal courts the first-filed of the two takes priority absent 'special circumstances' or a balance of convenience in favor of the second." *Pharmaceutical Res., Inc. v. Alpharma USPD Inc.,* No. 02–1015, 2002 WL 987299, at *2, 2002 U.S. Dist. LEXIS 8549, at *6 (S.D.N.Y. May 13, 2002) (citing *First City Nat'l Bank and Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir.1989)). This rule requires a court to give priority to the first-filed action, even if it is a declaratory action, " 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.' " *Id.,* 2002 WL 987299, at *2, 2002 U.S. Dist. LEXIS 8549, at *7 (quoting *Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 937–38 (Fed.Cir.1993)). The party seeking to deviate from the rule bears the burden of demonstrating that sufficient circumstances exist to justify an exception to the rule, leaving the determination of whether such departure is warranted to the discretion of the trial court. *See id.* "To overcome the preference for the forum of the first-filed suit, a sound reason must exist that would make it unjust or inefficient to continue the first-filed action." *Findwhat.com v. Overture Servs., Inc.,* No. 02–447, 2003 WL 402649, at *4, 2003 U.S. Dist. LEXIS 2450, at *11–12 (S.D.N.Y. Feb. 21, 2003) (quoting *Bank of Tokyo–Mitsubishi, Ltd. v. J.A. Jones, Inc.,* No. 98–2494, 1998 WL 283355 at *2, 1998 U.S. Dist. LEXIS 7950, at *2 (S.D.N.Y. May 29, 1998)). Additionally, a "rough resemblance" between the two suits does not warrant the dismissal of the second suit. *Curtis v. Citibank,* 226

F.3d 133, 136 (2d Cir.2000) Though the suits initially appear duplicative, "[a] court must be careful, when dismissing a second suit between the same parties as duplicative, not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, the claims asserted in both suits are also the same." *Id.*

While the parties here may be the same, the causes of action are separate and distinct. The Connecticut suit seeks an adjudication that AYD and North Street are not alter-egos of Alfred Mattikow, and that the corporate entities are not responsible for Alfred Mattikow's judgment and therefore liable for his debts. Aaron's petition very purposefully avoids any allegation that the corporations are Alfred Mattikow's alter egos. The suits are not duplicative, and therefore the "first filed" rule is inapplicable to these circumstances.

Further, even if it could be argued that the suits are entirely duplicative and the first filed rule is applicable, this proceeding would have priority. The underlying action in this case was filed in this Court over five years ago, in May, 1999, long before commencement of the Connecticut action. This Court is familiar with the parties and the efforts taken to enforce the judgment. Moreover, this is a special non-plenary action and as such, it will provide for a more efficient resolution of the issues. Accordingly, issues of judicial economy weigh in favor of this Court proceeding in the exercise of ancillary jurisdiction over this action.

### CONCLUSION

Based on the foregoing, the respondent's motion to dismiss in all respects is denied. The pleadings raise triable issues of material fact. Accordingly the parties are directed to appear at a pre-trial conference on January 10, 2005, at 10:30 a.m.

Petitioner Aaron is directed to serve a copy of this complaint on respondent Nina Mattikow and defendant Alfred Mattikow.

SO ORDERED.