1424-1428 Realty LLC v Liu (2019 NY Slip Op 01356)





1424-1428 Realty LLC v Liu


2019 NY Slip Op 01356


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


8508 155635/17

[*1]1424-1428 Realty LLC, Plaintiff-Respondent,
v
Stuart Liu, et al., Defendants, Nicolo Ottomanelli also known as Nicholas Ottomanelli, et al., Defendants-Appellants.


Altschul & Altschul, New York (Mark M. Altschul of counsel), for appellants.
Golino Law Group PLLC, New York (Brian W. Shaw of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered on April 2, 2018, which, to the extent appealed from as limited by the briefs, denied defendants Nicolo Ottomanelli, Joseph Ottomanelli, Jr., Ottomanelli's Café Franchising Corp. and Ottomanelli Brothers Ltd.'s (collectively the Ottomanelli defendants) motion to dismiss based upon documentary evidence, unanimously affirmed, without costs.
Nicolo Ottomanelli and Joseph Ottomanelli, Jr. were the sole shareholders of 1424 Lexington Avenue Corp. a/k/a 1424 Corp. In 2003, 1424 Corp. leased a space from plaintiff on 93rd Street and Lexington Avenue in Manhattan and operated a restaurant named "Ottomanelli Bro's Grill." On November 1, 2010, 1424 Corp. entered into an agreement with SL93 Corp. whereby 1424 Corp. sold its assets related to the restaurant, assigned its lease, and obtained a license for SL93 Corp. to continue operating under the Ottomanelli name in exchange for $125,000. The lease expressly provided that any assignment would not release 1424 Corp. from its obligations under the lease. Sometime between 2014 and 2016, SL93 Corp. stopped paying rent to plaintiff. Plaintiff alleges that sometime between 2010 and the time of SL93 Corp.'s rent default, the Ottomanelli defendants intentionally caused 1424 Corp. to fraudulently convey its assets to the Ottomanelli defendants without consideration, rendering 1424 Corp. insolvent and unable to pay its future obligations to plaintiff. In 2016, plaintiff brought an action against 1424 Corp. and SL93 Corp. in Civil Court, but 1424 Corp. failed to answer or appear. SL93 Corp. settled the claims against it by consenting to a money judgment, and then defaulted on payment of that judgment.
The Ottomanelli defendants submitted documentary evidence of the November 30, 2010 transaction between 1424 Corp. and SL93 Corp. and argued that plaintiffs' claims of fraudulent transfer and piercing the corporate veil are time barred as the alleged transfer occurred more than six years prior to commencement of this case on June 21, 2017 (Bloomfield v Bloomfield , 280 AD2d 320, 321 [1st Dept 2001]). Here, the documentary evidence does not utterly refute plaintiff's factual allegations, conclusively establishing a defense as a matter of law (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Defendants have failed to submit any documentary evidence showing that 1424 Corp. currently still has assets (i.e., the $125,000) or providing the date of transfer of any assets from 1424 Corp. to the Ottomanelli defendants. Plaintiff was not required to plead the exact date of the alleged fraudulent transfer as part of its cause of action and it is noted that such information is likely exclusively in the knowledge of the [*2]Ottomanelli defendants (see Jered Contr. Corp. v New York City Tr. Auth. , 22 NY2d 187, 194 [1968]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK