Shanghai Pearls & Gems, Inc. v Paul (2026 NY Slip Op 01476)

Shanghai Pearls & Gems, Inc. v Paul

2026 NY Slip Op 01476

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Chan, Hagler, JJ. 

Index No. 157224/22|Appeal No. 6094|Case No. 2025-00225|

[*1]Shanghai Pearls & Gems, Inc., Doing Business as Ultimate Diamond Co., Plaintiff-Appellant,
vAleks Paul et al., Defendants-Respondents.

Guzov, LLC, New York (Debra J. Guzov of counsel), for appellant.
Oved & Oved LLP, New York (Timothy Savitsky of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about December 23, 2024, which granted defendants' motion to reargue their motion to dismiss the amended complaint pursuant to CPLR 3211 (a) (1), (5), and (7), and, upon reargument, dismissed the remaining causes of action in the amended complaint for fraudulent conveyance, conversion, and tortious interference with contractual relations pursuant to CPLR 3211(a)(1) and (5), and dismissed the amended complaint, unanimously affirmed, with costs.
Preliminarily, we reject plaintiff's position that the reargument order, which dismissed the amended complaint before we issued our decision on appeal dismissing the amended complaint (Shanghai Pearls & Gems, Inc. v Paul, 239 AD3d 31 [1st Dept 2025] [hereinafter Shanghai I]), compels us to vacate our decision. Plaintiff previously requested vacatur of our decision in its motion to reargue Shanghai I, which motion was denied on June 17, 2025 (2025 WL 1697147). Plaintiff is barred by law of the case from making arguments on the instant appeal that were made and rejected on a previous appeal (see e.g. Apollo Asset Mgt., Inc. v Cernich, 226 AD3d 466, 466 [1st Dept 2024]; Matter of Ramirez v Selective Advisors Group, LLC, 211 AD3d 594, 594 [1st Dept 2022], lv dismissed 40 NY3d 970 [2023]).
Plaintiff's argument that we should reinstate its Pink Diamond claims with respect to its original one-third interest in that gemstone because defendants represented on the underlying motion that they were not seeking to reargue plaintiff's conversion and tortious interference claims with respect to that interest is unavailing. Even if the motion court erred in dismissing the claim such error was harmless, because Shanghai I dismissed plaintiff's conversion and tortious interference claims as to its original one-third interest in the Pink Diamond on statute of limitations grounds (see 239 AD3d at 34).
Similarly, even if plaintiff's fraudulent conveyance claims were timely because the statute of limitations is six years (see e.g. Bloomfield v Bloomfield, 280 AD2d 320, 321 [1st Dept 2001]), Shanghai I found that those claims were barred by res judicata (as to plaintiff's original one-third interest) and release (as to the two-thirds interest it acquired from nonparty Diamond Corporation Capital Group, LLC) (see 239 AD3d at 35).
Plaintiff is barred from appealing the dismissal of its unjust enrichment claim. That claim was dismissed in an order entered August 11, 2023 from which plaintiff did not take an appeal. Plaintiff contends that it may raise the dismissal of the claim on the current appeal. However, plaintiff is not appealing from a judgment, but from an order (see CPLR 5501[a][1] ["An appeal from a final judgment brings up for review any non-final judgment or order which necessarily affects the final judgment . . ."]). In any event, Supreme Court properly dismissed the unjust enrichment claim as duplicative of the tort claims (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790-791 [2012]). Therefore, even if plaintiff's unjust enrichment claim was timely because the statute of limitations is six years (see Deutsche Bank, AG v Vik, 142 AD3d 829, 829 [1st Dept 2016]), it was correctly dismissed on other grounds. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026